MABELLE M. EVARTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK H. EVARTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 89321, 89322. Promulgated May 17, 1939.

*A. Calder Mackay, Esq.*, for the petitioner.
*E. A. Tonjes, Esq.*, for the respondent.

OPINION.

ARUNDELL: The statute under which the respondent has determined the deficiency in this proceeding is section 44 (d) of the Revenue Act of 1932. As far as material here the statute provides for the recognition of gain on the transmission of installment obligations upon the death of the holder, but that there shall be no such recognition if bond is filed with the respondent to assure the return as income by the recipients of the same amount as the decedent would have returned had he lived and received payment.

The bond permitted to be filed in order to suspend recognition of gain on the transmission is, by statute, to be filed at such time as the respondent may by regulation prescribe. By article 355 of Regulations 77, approved by the Secretary of the Treasury on February 10, 1933, the respondent directs that the bond must be filed at the time of filing the return of the decedent for the year of his death.

Clearly the provisions of the statute and of the regulations support the respondent in his assertion of a tax upon the transmission of the installment obligations owned by the decedent. The petitioner's view is that, as they have now reported the receipts from the liquidation of the installment obligation, the respondent should be estopped from asserting a tax on the transmission. They say that the bond provision is a relief provision and should be liberally construed in their favor.

Both parties cite the case of *F. Harold Johnston, Executor*, 33 B. T. A. 551. The petitioners cite it as similar and controlling, and the respondent says it is distinguishable. The *Johnston* case is strikingly similar except for the matter of the year of death of the holder of the installment obligation and the time of filing a return on behalf

of the decedent. This difference in time is important, as will appear. In the *Johnston* case death occurred in 1932 and the executor filed a return of the decedent's income on March 15, 1933. At the time of filing the return Regulations 77 had been released less than three weeks, and the form prescribed by the respondent for filing bond was not available to the public until April 26, 1933. We held on the facts present in that case that the Commissioner's refusal to accept a bond that the executor offered to file as soon as he learned of the requirements of article 355 of Regulations 77 was arbitrary and the determination of a deficiency was unwarranted. But in this case Regulations 77 had been released more than a year before the date of filing a return on behalf of the decedent, and the bond form had been available for nearly 11 months. This state of facts makes the holding of the *Johnston* case inapplicable. With the Revenue Act of 1932 in force for so long a period, and the regulations and bond form released to the public for such a substantial period, it is difficult to see wherein the petitioners can justly complain that the respondent is acting arbitrarily when he applies the statute and regulations as they are plainly written. To the argument for liberal construction in favor of the petitioners because section 44 (d) is a relief provision, it is enough to say that what the petitioners ask is not a construction of the statute, but a complete disregard of it. That the petitioners were erroneously advised by a deputy collector may well arouse every sympathy for the petitioners, but that is no ground for us to now say that the respondent may not apply the law. *John D. Biggers*, 39 B. T. A. 480.

In one respect the respondent has erred. The sum of $5,000 was received by the decedent two days before her death, and that payment reduced the balance of the obligation to $20,000. The respondent has treated the sum of $25,000 as being the amount of the installment obligation transmitted at death. Obviously the $5,000 was income of the decedent during her life and should not be included as a part of the obligation transmitted at death. This may be corrected on recomputation.

*Decision will be entered under Rule 50.*